IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Elie Lavoie, | ) | CASE NO: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| SUNCRUZ Casino Cruises, L.L.C.; | ) | |
| SUNCRUZ Casinos L.L.C.; | ) | |
| Ventures South Carolina, L.L.C.; | ) | |
| Oceans Casino Cruises, Inc.; | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff(s) above named complaining of the Defendant(s) herein would respectfully show the Court:

## A. Parties

1.    Plaintiff is a citizen and resident of Brunswick County, North Carolina.

2.    Defendant, Suncruz Casinos L.L.C. is a corporation duly qualified, registered and doing business in the State of South Carolina.

3.    Defendant, Oceans Casino Cruises, Inc. is the owner and/or parent company of Defendant Suncruz Casinos L.L.C. is a corporation duly qualified, registered and doing business in the State of South Carolina.

4.    Defendant, Ventures South Carolina, L.L.C. is a the owner and/or parent company of Defendant Suncruz Casinos L.L.C. is a corporation duly qualified, registered and doing business in the State of South Carolina.

5.    Defendant, Suncruz Casino Cruises, L.L.C. is a corporation duly qualified, registered and doing business in the State of South Carolina.

## B. Jurisdiction

6.    This is a case of admiralty and maritime jurisdiction as hereinafter more fully appears, and is an admiralty and maritime claim within the meaning of Rule 9(h) of the FRCP. Jurisdiction is invoked pursuant to 28 U.S.C. §1292(a)(3).

4 of 3

## C. Facts

6.     That Defendants, by and through their agents, servants and/or employees, all provided certain equipment, materials and/or services for compensation as alleged herein.

7.     Heretofore on or about July 11, 2007 the Plaintiff was lawfully an invitee as a customer of the said Suncruz casino gambling boat operating out of Little River, South Carolina; that the incident complained of occurred on the Suncruz Casino boat operating out of Little River, South Carolina and that this Honorable Court has jurisdiction over this matter.

8.     That, upon information and belief, Defendants Suncruz Casinos L.L.C., Oceans Casino Cruises, Inc., Ventures South Carolina L.L.C., and Suncruz Casino Cruises, L.L.C. at all times hereinafter mentioned operated a casino gambling boat for the use and enjoyment of the paying public and particularly the Plaintiff herein.

9.     On or about July 11, 2007, while lawfully an invitee customer and guest of the Suncruz casino gambling boat, Plaintiff was operating a slot machine when the machine next to him stopped operating appropriately. As a result of the malfunction of the machine the customer operating the machine requested assistance from the employees of Suncruz. An employee came over to determine the problem and in doing so opened the door to the slot machine causing it to fall and strike the Plaintiff's knee, sustaining the injuries hereinafter alleged as a result of Defendants' negligence and recklessness.

## D. Negligence

11.     The Plaintiff's injury occurred due to the Defendants' negligence and recklessness in failing to maintain the slot machines in a safe and reasonable manner. Defendants were negligent and reckless in one or more of the following particulars, to wit:

   a.     In failing to exercise ordinary care in opening the slot machine in a reasonably safe manner when surrounded by the public and particularly the Plaintiff herein;

   b.     In failing to maintain the doors to the slot machines in a safe condition, properly attached, for the benefit and safety of the general public and particularly the Plaintiff herein;

   c.     In failing to display cautions or warn the public and particularly the Plaintiff herein of the potentially defective or unsafe condition of the slot machine doors, a fact which was unknown to the Plaintiff but should have been known to the Defendants herein;

   d.     In failing to properly supervise, monitor and oversee its agents, servants,

employees or franchisees who should have been maintaining the slot machines on the property in a safe condition for guests and customers;

e.  In failing to properly train its agents, servants, employees or franchisees as to the maintenance and upkeep and opening of the gaming machines and in particular the slot machines;

f.  In such other particulars as may be shown and established at trial.

## E. Damages

12.  As a direct and proximate result of Defendants' negligence and reckless as hereinabove enumerated, the Plaintiff:

a.  Was severely, seriously and painfully injured;

b.  Was subjected to medical treatment and operation(s) to his knee;

c.  Was subjected to medical treatment to his knee over an extended period of time;

d.  Was subjected to extreme pain, mental anguish, suffering and discomfort over a long period of time and which is still ongoing;

e.  Has suffered temporary and permanent impairment and disability;

13.  The Plaintiff is informed and believes that he is entitled to judgment against the Defendant(s) for actual damages and for punitive damages in an amount deemed just and proper.

## F. Prayer

14.  For these reasons, Plaintiff asks for judgment against the Defendants, jointly and severally as follows:

a.  Damages in an amount commensurate with his actual damages;

b.  Punitive damages as this Court may award;

b.  Costs of this suit;

c.  All other relief the court deems appropriate;

s/J. Dwight Hudson
J. Dwight Hudson, Bar #1993
HUDSON LAW OFFICES
1203 48th Avenue N, Suite 111
Myrtle Beach SC 29577
(843) 692 9889; fax (843) 692-9190

June 10, 2008