UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Elie Lavoie, | ) | Civil Action No.: 4:08-cv-2183-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Suncruz Casino Cruises, LLC; | ) | |
| Suncruz Casions, LLC; Ventures | ) | |
| South Carolina, LLC; Oceans | ) | |
| Casino Cruises, Inc.; | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Pending before the court is Defendants' [Docket Entry #8] motion to dismiss. In their motion, Defendants seek dismissal of this action for: 1) lack of subject matter jurisdiction; 2) improper venue; and/or 3) failure to state a claim upon which relief can be granted. Defendants also seek dismissal of Plaintiff's claim for punitive damages. Defendants also have moved to dismiss Defendants Suncruz Casino Cruises, LLC, Suncruz Casinos, LLC, and Oceans Casino Cruises, Inc. as improper parties to the present action. Finally, in the alternative, Defendants request that this case be transferred to the United States District Court for the Southern District of Florida, Ft. Lauderdale Division. For the reasons stated below, Defendants' motion is denied.¹

## **Factual Background**

Plaintiff, Elie Lavoie, was allegedly injured while a passenger invitee on a Suncruz Casino gambling boat that departed from Little River, South Carolina on or about July 11,

---

¹ Pursuant to Local Rule of Civil Procedure 7.08, the district court may determine motions without a hearing.

2007.  Specifically, Plaintiff alleges that he was operating a slot machine on a Suncruz Casino boat when the slot machine next to him began to malfunction.  Allegedly, an employee of the casino boat came over to determine the problem and in doing so opened the door to the slot machine causing it to fall and strike the Plaintiff's knee.  Plaintiff alleges that he suffered injuries as a result of Defendants' alleged negligence and recklessness.

## Discussion

Subject Matter Jurisdiction

Defendants moved to dismiss Plaintiff's complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.  Defendants' motion to dismiss for lack of subject matter jurisdiction is a facial challenge based solely on Plaintiff's mistaken reference in his complaint to 28 U.S.C. § 1292(a)(3) as the basis for subject matter jurisdiction.  Title 28 U.S.C. § 1292(a)(3) confers jurisdiction in the Federal Courts of Appeals over interlocutory matters in admiralty cases and is not a jurisdictional grant to the District Courts.

Despite Plaintiff's reference to § 1292(a)(3), Plaintiff has alleged facts sufficient to bring his claim within this court's admiralty jurisdiction.  Plaintiff's complaint alleges that he was injured while a passenger on board a Suncruz Casino boat by the negligence or recklessness of an employee of the owner and/or operator of the vessel.  Also, Plaintiff's complaint states, "[t]his is a case of admiralty and maritime jurisdiction as hereinafter more fully appears, and is an admiralty and maritime claim within the meaning of Rule 9(h) of the FRCP." [Complaint, at ¶ 6, Docket Entry #1].

This court has original jurisdiction over admiralty and maritime cases pursuant to 28

U.S.C. § 1333, which states, in part: "The district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333.  Plaintiff simply cited the wrong statute as the basis for jurisdiction in his complaint.  Clearly, however, Plaintiff has alleged facts that give rise to a cause of action in admiralty.

"Where, factually, jurisdiction exists at the time the complaint is filed, the fact alone that jurisdiction was not properly pleaded will not deprive the court of jurisdiction as of the time the suit was filed, if such defect be later remedied by amendment." *Baldwin v. Pickens*, 208 F. Supp. 889, 890 (D.S.C. 1962).  Further, defective allegations of jurisdiction may be amended in the trial or appellate courts. 28 U.S.C. § 1653.

Any jurisdictional defect in Plaintiff's complaint can be easily remedied by striking the reference to 28 U.S.C. § 1292(a)(3) and substituting 28 U.S.C. § 1333.  No answer has been filed and Defendants will suffer no prejudice if this court allows amendment of the complaint.  Accordingly, the court will allow Plaintiff the opportunity to amend his complaint to cure the error.

Venue

Defendants seek dismissal of the present action based on improper venue arguing that a forum selection clause printed on Plaintiff's passage contract (ticket) bars the pursuit of this action in the District of South Carolina.  Alternatively, Defendants request that this case be transferred from this court to the United States District Court for the Southern District of Florida, Ft. Lauderdale Division.

The forum selection clause on Plaintiff's ticket provides that:

> It is agreed by and between the Passenger(s) and the Carrier that any and all disputes and claims by Passenger(s) and Carrier shall be litigated, if at all, in and before any court located in Broward County, Florida USA to the exclusion of courts of any other city, state or country.

[Ticket, Docket Entry #8-3].

Forum selection clauses in maritime contracts "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *M/S Bremen v. Zapata Offshore Co.*, 407 U.S. 1, 10 (1972). Forum selection clauses may be considered unreasonable if: (1) their formation was induced by fraud or overreaching; (2) the complaining party "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) their enforcement would contravene a strong public policy of the forum state. *Atlantic Floor Servs., Inc. v. Wal-Mart Stores, Inc.*, 334 F. Supp. 2d 875, 877 (D.S.C. 2004). Additionally, forum selection clauses are subject to judicial scrutiny for reasonableness and fundamental fairness. *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991). Part of the inquiry into determining whether a forum selection clause is fundamentally fair is whether the passenger, upon learning of the forum selection clause, can reject the ticket containing the clause with impunity. *See Shute*, 499 U.S. at 595. Thus, where a cruise line's passenger ticket contract received after payment unequivocally states that money paid to the carrier will not be returned to the passenger under any circumstances, it is unreasonable under *Shute* to impute acceptance of the forum selection clause by the passenger. *Lurie v. Norwegian Cruise Lines, Ltd.*, 305 F.

Supp. 2d 352, 362 (S.D.N.Y. 2004).

> In this case, the ticket issued to the plaintiff after payment stated:
>
>> Passage money shall be considered earned at the earlier of the time of payment or embarkation.  Carrier is entitled to receive and retain earned passage money *under all circumstances*, and is not liable to make any refund to Passenger, notwithstanding any statute or regulation to the contrary, the benefit of which Passenger hereby expressly waives.

[Ticket, Docket Entry #8-3](emphasis added).  The plain language of the ticket indicates that the ticket was non-refundable under all circumstances and that the ticket became non-refundable as soon as it was purchased.  Plaintiff had no notice of the forum selection clause before the ticket became non-refundable and, as a result, Plaintiff had no means of rejecting the forum selection clause without forfeiting his entire fare.  Because the Plaintiff could not have rejected the forum selection clause and cancelled his ticket with impunity, the forum selection clause is unenforceable as it is unreasonable and fundamentally unfair.

Alternatively, Defendants move to transfer this case pursuant to 28 U.S.C. § 1404(a).  A court may transfer a case "for the convenience of the parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  "A district court may transfer a civil action to any other district or division where it might have been brought." *Red Light, LLC v. American Traffic Solutions, Inc.*, No. 3:05-3103-MBS, 2006 WL 463569, at *4 (D. S.C. Feb. 23, 2006).  When deciding a motion to transfer, the court must specifically analyze whether transfer is warranted (1) for the convenience of the parties; (2) for the convenience of the witnesses; and (3) in the interest of justice. *Fairchild Semiconductor Corp. v. Nintendo Co., Ltd.*, 810 F. Supp. 173, 174 (D. S.C. 1992).  Although limited by these three factors, the court has broad discretion in deciding whether to transfer a

-5-

case. *Saudi v. Northrop Grumman Corp.*, 427 F.3d 271, 277 (4th Cir. 2005). Motions to transfer under § 1404(a) are guided by individualized, case-by-case considerations of convenience and fairness. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). "The burden is on the moving party to show that transfer to another forum is proper." *Cross v. Fleet Reserve Ass'n Pension Plan*, 383 F. Supp. 2d 852, 856 (D. Md. 2005). Defendants must show "by a preponderance of the evidence that the proposed transfer will better and more conveniently serve the interests of the parties and witnesses and better promote the interests of justice." *JEC Consulting & Trading, Inc. v. Diversified Foods, Inc.*, No. C.A. 3:05-2295-CMC, 2005 WL 2614903, at *4 (D.S.C. Oct. 13, 2005). Additionally, "[a] plaintiff's choice of forum is given weight when the plaintiff's choice of forum has a substantial connection with the controversy." *Milliken & Co. v. Fed. Trade Comm'n*, 565 F. Supp. 511, 517 (D.S.C. 1983).

The first inquiry into whether transfer is appropriate is whether the action sought to be transferred is one that might have been brought in the transferee court. Rule 82 of the Federal Rules of Civil Procedure provides that "[a]n admiralty or maritime claim within the meaning of Rule 9(h) shall not be treated as a civil action for the purposes of Title 28, U.S.C. §§ 1391-93." In admiralty and maritime cases *in personam*, venue and personal jurisdiction merge. *Campbell v. Johnson & Towers, Inc.*, 123 F. Supp. 2d 329, 338 (D.S.C. 1999) (citing 15 Charles A. Wright, et al., Federal Practice and Procedure § 3817 (2d ed. 1986)). Venue in an admiralty case, therefore, is proper in any district in which the defendant can be personally served. *Campbell*, 123 F. Supp. 2d at 338. Defendants contend, and Plaintiff does not dispute, that Defendants Oceans Casino Cruises, Inc. and Ventures South Carolina, LLC are

headquartered in Broward County, Florida. As such, it appears that this case is one that could have originally been brought in the Southern District of Florida.

As to the second inquiry, the Supreme Court has held that the factors relevant to *forum non conveniens* determinations are also relevant to determinations of a motion to transfer venue under 28 U.S.C. § 1404(a). *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955); *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-9 (1947). Specifically, those factors include: 1) the plaintiff's choice of forum; 2) the convenience of the parties and witnesses; 3) the relative ease of access to sources of proof; 4) the availability of compulsory process for attendance of unwilling witnesses; 5) the cost of obtaining attendance of willing witnesses; 6) the possibility of viewing premises by the jury, if applicable; 7) all other practical problems that make trial of a case easy, expeditious, and inexpensive; 8) factors of public interest, including the relative congestion of court dockets and a preference for holding a trial in the community most affected; and 9) the interests of justice. *Terry v. Walker*, 369 F. Supp. 2d 818, 822 (W.D. Va. 2005) (citing *Gilbert*, 330 U.S. at 508-9); *Finkel v. Subaru of America, Inc.*, No. 3:06CV292, 2006 WL 2786811, at *3 (E.D. Va. Sept. 26, 2006).

The incident that gave rise to this action occurred off of the coast of South Carolina. While the case arises in admiralty, the case is essentially a personal injury case founded on common law principles of negligence. As such, two important issues to be determined at trial will be the nature and extent of Plaintiff's injuries and whether those injuries were proximately caused by the Defendants' negligence. To that end, the vessel is located in South Carolina and the Defendants' employees who were directly involved in the incident reside in South Carolina. The testimony of Defendants' employees that were directly involved is necessary to

the resolution of this case and those employees would undoubtedly be inconvenienced if they were required to travel to Florida to testify. Defendants' representation that they could order their employees to attend trial or deposition in Florida does not reduce the inconvenience to their employees. Further, Defendants' assurances that it could compel the attendance of its employees does not take into account the reality that some of the employees who were involved in the incident may be former employees by the time this case goes to trial.

Because Plaintiff allegedly suffered physical injuries as a result of this incident, the testimony of Plaintiff's medical providers is also essential to determining the ultimate issues in this case. Plaintiff was presumably treated for his alleged injuries in North and/or South Carolina. Requiring Plaintiff's medical providers to travel to Florida for trial would exert an unreasonable burden on the Plaintiff in the presentation of his case.

Defendants argue that corporate documents and employees with knowledge of Defendants' risk management and loss prevention procedures are located in Florida. However, in the computer age, the location of Defendants' documents is entitled to little weight because documents can easily be transferred to electronic format and transported at relatively little expense. *See* Charles Alan Wright et al., Federal Practice and Procedure § 3853 (2d ed. 1986). Although the Southern District of Florida would be more convenient for the Defendants' employees who reside in Florida, the majority of the witnesses are located in North Carolina and South Carolina.

In conclusion, considering the factors outlined above, Defendants have not met their burden of establishing that the proposed transfer will better and more conveniently serve the interests of the parties and witnesses and better promote the interests of justice. The

Plaintiff's choice of forum, the convenience of the parties and witnesses, the relative ease of access to sources of proof, the availability of compulsory process for attendance of unwilling witnesses, the possibility of viewing the premises, public interest factors, and the interests of justice all militate in favor of denying Defendants' motion. Accordingly, Defendants' motion to transfer pursuant to 28 U.S.C. § 1404(a) is denied.

Failure to State a Claim

Defendants move to dismiss Plaintiff's complaint under Rule 12(b)(6) on the basis that the complaint fails to assert a legally recognized duty owed to him. This argument is without merit.

When reviewing a motion made under Federal Rule of Civil Procedure 12(b)(6), the court must "accept all well-pleaded allegations in the plaintiff's complaint as true and draw all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 127 S.Ct. at 1969. A complaint attacked by a motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974; *see also*, *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008); *Self v. Norfolk Southern Corp.*, No. 07-1242, 2008 WL 410284, at *1 (4th Cir. February 13, 2008) (unpublished).

Plaintiff's complaint states the following:

> On or about July 11, 2007, while lawfully an invitee customer and guest of the Suncruz casino gambling boat, Plaintiff was operating a

>slot machine when the machine next to him stopped operating appropriately. As a result of the malfunction of the machine the customer operating the machine requested assistance from the employees of Suncruz. An employee came over to determine the problem and in doing so opened the door to the slot machine causing it to fall and strike the Plaintiff's knee, sustaining the injuries hereinafter alleged as a result of Defendants' negligence and recklessness. . .
>
>The Plaintiff's injury occurred due to the Defendants' negligence and recklessness in failing to maintain the slot machines in a safe and reasonable manner. Defendants were negligent and reckless in one or more of the following particulars, to wit:
>
>>a.  In failing to exercise ordinary care in opening the slot machine in a reasonably safe manner when surrounded by the public and particularly the Plaintiff herein;
>>
>>b.  In failing to maintain the doors to the slot machines in a safe condition, properly attached, for the benefit and safety of the general public and particularly the Plaintiff herein;
>>
>>c.  In failing to display cautions or warn the public and particularly the Plaintiff herein of the potentially defective or unsafe condition of the slot machine doors, a fact which was unknown to the Plaintiff but should have been known to the Defendants herein;
>>
>>d.  In failing to properly supervise, monitor and oversee its agents, servants, employees or franchisees who should have been maintaining the slot machines on the property in a safe condition for guests and customers;
>>
>>e.  In failing to properly train its agents, servants, employees or franchisees as to the maintenance and upkeep and opening of the gaming machines and in particular the slot machines;
>>
>>f.  In such other particulars as may be shown and established at trial.

[Complaint, Docket Entry #1].

Clearly, under the standards set forth in *Twombly*, the Plaintiff has stated a claim upon which relief can be granted. Plaintiff's complaint delineates sufficient facts to state a claim to relief that is plausible on its face. Defendants' motion to dismiss under Rule 12(b)(6) is denied.

<u>Punitive Damages</u>

Defendants move to dismiss Plaintiff's claim for punitive damages on two bases. First, Defendants argue that punitive damages are unavailable in maritime passenger actions. Next, Defendants argue that the Plaintiff has failed to allege the standard of conduct necessary for the imposition of punitive damages.

Defendants argue that, following the United States Supreme Court's opinion in *Miles v. Apex Marine Corp.*, 498 U.S. 19 (1990), punitive damages are no longer available in general maritime cases. *See, e.g. Wahlstrom v. Kawasaki Heavy Indus., Ltd.*, 4 F.3d 1084, 1094 (2d Cir. 1993) (stating "a number of district courts have invoked the Supreme Court's ruling in *Miles* as a basis to disallow punitive damages for claims under the general maritime law in order to further uniformity between that law and the analogous federal statutes, DOSHA and the Jones Act"); *O'Hara v. Celebrity Cruises, Inc.*, 797 F. Supp. 254, 255 (S.D.N.Y. 1997); *Hunter v. Seabulk Offshore, Ltd.*, 993 F, Supp. 515, 516 (E.D.La. 1993). This position has been adopted by a minority of courts that, since *Miles*, have become increasingly hesitant to allow punitive damages in general maritime actions involving personal injury or death. *CEH, Inc. v. F/V Seafarer*, 70 F.3d 694, 699-700 (1st Cir. 1995).

On the other hand, most courts hold that punitive damages may still be awarded to non-seafarer plaintiffs or where there is no overlap between statutory law and the general

-11-

maritime law. *See In re Exxon Valdez*, 270 F.3d 1215, 1226-27 (9th Cir. 2001); *CEH, Inc. v. F/V Seafarer*, 70 F.3d 694, 699 (1st Cir. 1995); *Gamma-10 Plastics, Inc. v. American President Lines, Ltd.*, 32 F.3d 1244, 1255 (8th Cir. 1994); *Silivanch v. Celebrity Cruises, Inc.*, 171 F. Supp. 2d 241, 262 (S.D.N.Y. 2001).  As the First Circuit noted in *CEH, Inc. v. F/V Seafarer*, "although rarely imposed, punitive damages have long been recognized as an available remedy in general maritime actions where [a] defendant's intentional or wanton and reckless conduct amounted to a conscious disregard of the rights of others." 171 F.3d at 699.

Defendants also argue that even if punitive damages are theoretically available in this case, punitive damages are unavailable to the Plaintiff because he has failed to sufficiently allege that Defendant Ventures acted with a wanton or intentional disregard for the safety of others.  Plaintiff's complaint, however, alleges that Defendants acted recklessly. [Complaint, at ¶ 11, Docket Entry #1]. Therefore, the court believes that the Plaintiff has sufficiently alleged the prerequisite conduct to make a claim for punitive damages.  However, to the extent Plaintiff's complaint fails to allege the standard of conduct required to establish entitlement to punitive damages, Plaintiff will be permitted to amend his complaint as Defendants have not yet filed an answer and will suffer no prejudice from the amendment.

As for the question of whether punitive damages are theoretically allowed in personal injury maritime cases such as this, the court is inclined to follow the majority rule, but reserves ruling on that question until a later time.  The court also acknowledges that admiralty cases usually deny punitive damages in cases of imputed fault, holding that a principal or master cannot be held liable for an agent or servant's wanton or willful misconduct unless the principal or master participated in or ratified the wrongful conduct.  Accordingly, it is unclear

at this point whether the Plaintiff will be entitled to punitive damages under the circumstances of this case.

Rule 21 - Misjoinder of Parties

Finally, Defendant Ventures moves to dismiss Defendants Suncruz Casino Cruises, LLC, Suncruz Casinos, LLC, and Oceans Casino Cruises arguing that they are improper parties to the present action because they do not own or operate the vessel upon which Plaintiff alleges he was injured. As pointed out in Plaintiff's response, there is some confusion, even apparently among Defendants' counsel, as to which party-defendant owns or operates the Suncruz Casino gambling boat upon which Plaintiff was allegedly injured. For example, Defendants argue in their memorandum that Defendant Oceans Casino Cruises does not own or operate the vessel and does not own or maintain any interest in Defendant Ventures. [Memorandum in Support of Motion to Dismiss, at 23, Docket Entry #8]. Yet, in the affidavit submitted along with Defendants' motion, Joy Lintzenich states that Defendant Ventures is a wholly owned subsidiary of Defendant Oceans. Additionally, the ticket indicates that the cruise was a SunCruz Casinos cruise, owned and operated by Oceans Casino Cruises, Inc., but Ms. Lintzenich's affidavit states that the cruise was operated by Defendant Ventures.

Federal Rule of Civil Procedure 21 provides that "[m]isjoinder of parties is not a ground for dismissing an action. On motion or own its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21.

Defendant Ventures essentially argues that Defendants Suncruz Casino Cruises, LLC, Suncruz Casinos, LLC, and Oceans Casino Cruises should be dismissed under Rule 21 because

they have no connection to the vessel or the occurrence that gave rise to this action. Defendant Ventures has offered no proof of its assertion except for the affidavit of Ms. Lintzenich. Because of the apparent confusion regarding the parties, as noted above, the court cannot see fit to dismiss Defendants Suncruz Casino Cruises, LLC, Suncruz Casinos, LLC, and Oceans Casino Cruises based solely on the affidavit of Ms. Lintzenich. Further, the one-year statute of limitations set forth in the passage contract/ticket may operate to forever bar Plaintiff's claims against Defendants Suncruz Casino Cruises, LLC, Suncruz Casinos, LLC, and Oceans Casino Cruises if they are dismissed. To dismiss these parties based on the limited information before the court would be unjust and would unfairly prejudice the Plaintiff in the pursuit of his claims.

## Conclusion

For the reasons stated above, Defendants' [Docket Entry #8] motion to dismiss is **DENIED**. Plaintiff may file an Amended Complaint correcting the limited matters noted in this Order no later than five (5) days from the date of this Order. The Clerk's Office shall immediately issue a Scheduling Order for this case.

**IT IS SO ORDERED**.

Florence, South Carolina                                       s/ R. Bryan Harwell
February 18, 2009                                              R. Bryan Harwell
                                                               United States District Judge